In the Matter of LAWRENCE KRAUSS et al., Doing Business as REGAL OPERATING Co., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review a determination of the State Rent Administrator affirming an order of the local rent administrator reducing the rent of an apartment in a multiple dwelling on the ground of the landlord's failure to paint. Order dismissing the petition reversed, without costs, the determination annulled, and the matter remitted to the State Rent Administrator for further proceedings not inconsistent herewith. If the statements in the letter and affidavits submitted by appellants are found to be facts, such facts tend to establish the contention that the practice was to paint only when the apartment was taken by a new tenant and not during a tenant's occupancy. If such statements have been rejected because of the form of the proof, the form appearing to be that frequently acted upon by the administrator, the appellants should be given an opportunity to submit evidence in a form satisfactory to him. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.

In the Matter of BESSIE WALKER, Respondent, against IRA R. JONES, Appellant.— By an order of the Children's Court, Westchester County, dated November 14, 1950, appellant was required to pay $15 weekly for the support of a child. By an order of that court, dated August 26, 1952, his application to reduce the amount of the weekly payments was denied and he was directed to pay arrears under the prior order. This appeal is from an order of the Supreme Court, Westchester County, affirming on appeal, the order of the Children's Court, dated August 26, 1952. Order of the Supreme Court, Westchester County, unanimously affirmed, without costs. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

ALICE L. LONGMAN, Appellant, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.— In an action to recover upon an accident insurance policy, plaintiff appeals from a judgment in favor of defendant, entered upon a dismissal of the complaint at the close of plaintiff's case. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

CEIL MALK, Appellant, v. BEN COLIN, Respondent.— In an action based on plaintiff's claim that she and defendant had a joint venture or partnership arrangement with respect to the purchase of certain shares of stock, defendant counterclaimed for an alleged overpayment. The court, after trial, dismissed the complaint and the counterclaim. Plaintiff appeals from the judgment entered thereon insofar as it dismissed the complaint. Judgment, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ. [See 283 App. Div. 800.]